UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter   13 |
| JACEK I. SMIGELSKI, ) | |
| ) | Case No.  11-23618 (ASD) |
| DEBTOR. ) | |
| ) | RE: ECF No. 83 |

### BRIEF MEMORANDUM AND ORDER
### ON DEBTOR'S MOTION TO CONVERT CASE TO CHAPTER 11
### AND SCHEDULING FURTHER HEARING THEREON

Before the Court after notice and a hearing held April 5, 2012 (hereinafter, the "Hearing"), is the Debtor's *Motion to Convert this Case to a Case Under Chapter 11 of the United States Bankruptcy Code* (hereinafter, the "Conversion Motion"), ECF No. 83. In the Conversion Motion, the Debtor bases his request for conversion to Chapter 11 solely on an assertion that he is "eligible to be a debtor under such chapter", citing Bankruptcy Code §109(d).

The Debtor did not appear at the Hearing having advised the Court by letter dated March 29, 2012 (hereinafter, the "Letter"), *inter alia*, that "I will be away, out of state . . . and not able to attend the [Hearing]", "I am not aware of any objections" . . . and requesting therein "that the court either continue this matter or rule on it on the papers."[1] A party in interest and creditor, Stanley Kosiorek, Executor of the Estate of Stainslaw Kosiorek (hereinafter, the "Kosiorek"), represented by Attorney William J. Sweeney, Jr., appeared

---

[1] The Clerk has been instructed to docket a copy of the Letter in this case.

at the Hearing, advised he was unaware of the Letter,[2] and interposed an objection based upon a claim that the Debtor "had never provided the Court with any evidence that he's got any income." April 5, 2012 Record, 3:19:00.[3] The Court took the matter under advisement.

A debtor's ability to convert its bankruptcy case from Chapter 13 to Chapter 11 is authorized by Bankruptcy Code §1307(d), which states, in pertinent part:

> (d) . . . at any time before the confirmation of a plan under section 1325 of this title . . . , *after notice and a hearing*, the court *may* convert a case under this chapter to a case under chapter 11 . . . .

Section 1307(g) further provides that "[n]otwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter."

It appears from the Conversion Motion and the Letter that the Debtor may believe that conversion to Chapter 11 is matter of right conditioned only on establishing technical eligibility to be a debtor under that chapter.[4] Conversion to chapter 11, however, is not automatic upon a determination of such eligibility, but rather is at the court's discretion and only after notice and a hearing. *Anderson v. U.S. on Behalf of Small Business Admin (In*

---

[2]In the future this Court will not accept, or act upon, letters from this Debtor (who is a suspended attorney) in place of motions. *See, e.g., Getting in the Last Word: The Impropriety of "Letter Briefs" in State and Federal Courts*, 68 Conn. B. J. 294, 304 (August, 1994)(Hon. Thomas P. Smith & John Rose, Jr.)("Because procedural rules exist ... to control the fairness of the procedure governing communications with judges, and because failure to abide by the rules governing pleadings and motions may result in serious unfairness to litigants, counsel should hesitate before dispatching such a letter.... *A letter should not be sent where the information it contains is capable of being formally expressed in a document properly filed with the clerk of the court*.") (emphasis added).

[3]In light of the circumstances attending the Hearing, specifically including the absence of the Debtor, Kosiorek was not provided an opportunity to express an objection or comment beyond that stated herein.

[4]No plan has been confirmed under section 1325 in this case.

2

*re Anderson)*, 165 B.R. 445, 448 (S.D. Ind. 1994), *citing* 5 William I. Norton, Jr., *Bankruptcy Law & Practice* §125:2 (2d ed. 1990). Noting that §1307(d) provides no explicit limitation on the exercise such discretion, this Court adopts the determination in *Anderson* that a broad, multifaceted approach in deciding whether to grant or deny a motion to convert pursuant to §1307(d) is appropriate. *See Anderson* at 448-449 (discussing bankruptcy law standards and other issues to be considered in determining such motions). Among the considerations relevant to the Conversion Motion in this case are whether the Debtor filed the initial chapter 13 petition in good faith, whether the Debtor seeks to convert the case to chapter 11 in good faith, the Debtor's ability (or inability) to effectuate a chapter 11 plan, the nature and amount of the Debtor's income, and, in the event of conversion, the Debtor's ability to survive a motion to dismiss (or convert to a case under chapter 7) prosecuted pursuant to §1112(b).

As mere eligibility to be a debtor under Chapter 11 alone is insufficient to establish entitlement to conversion of this case to that chapter, particularly against the background of an objection, the Court cannot grant the Conversion Motion on the "papers" as requested by the Debtor. However, to accord the Debtor a fair opportunity to meet his burden, and respond to the brief objection interposed at the Hearing, and to afford an opportunity to any party to fully express an objection to the Conversion Motion:

**IT IS HEREBY ORDERED** that a further hearing on the Conversion Motion shall be held before this Court on Tuesday, May 1, 2012 at 10:00 AM, and

**IT IS FURTHER ORDERED** that on or before April 24, 2012, the Debtor shall file with the Court and serve upon all interested parties an Affidavit:

(1) particularizing the nature and extent of the "notes" referenced in his Schedule

3

I,[5] and

      (2) summarizing the terms of the chapter 11 plan presently intended to be proposed in the chapter 11 case, if this case is converted, including particulars as to any property to be retained, distributed or treated under the chapter 11 plan, the general treatment of creditor classes therein, and the financial means available to consummate that plan, and

      **IT IS FURTHER ORDERED** that in the event the Debtor fails to timely file with the Court the Affidavit referenced in the immediately preceding paragraph, accompanied by the filing with the Court of a certificate of service of such Affidavit, the Conversion Motion may be denied without further notice.

Dated: April 10, 2012                                                        BY THE COURT

*Albert S. Dabrowski*
United States Bankruptcy Judge

---

[5] In Schedule I (Current Income) the Debtor's Monthly wages are listed as "0.00" with no other sources of income listed except for "Other monthly income" of $2,035 related to two "notes").