UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
|  | ) |  |
| JACEK I. SMIGELSKI, | ) | CASE NO. 11-23618 (ASD) |
|  | ) |  |
| DEBTOR. | ) | RE: ECF Nos. 26, 72 & 83 |

**BRIEF MEMORANDUM OF DECISION AND
ORDER DISMISSING CASE WITH PREJUDICE
WITH OPPORTUNITY TO CONVERT TO CHAPTER 7**

**I. BACKGROUND**

Following a hearing held February 9, 2012, and by Margin Order dated February 10, 2012, ECF No. 72, the Court, on the Chapter 13 Trustee's *Motion to Dismiss Pending Case* (hereinafter, the "Motion to Dismiss")*,* ECF No. 26, and having determined that the Debtor was ineligible for Chapter 13 relief, dismissed the pending Chapter 13 case "with the dismissal to take effect February 24, 2012 at 4:00 PM, unless prior to that date and time the Debtor seeks to convert this Chapter 13 case to another Chapter under Title 11, U. S. C., in which he is eligible to be a debtor." On February 24, 2012, the Debtor filed a *Motion to Convert this Case to a Case Under Chapter 11 of the United States Bankruptcy Code* (hereinafter, the "Conversion Motion"), ECF No. 83. In the Conversion Motion, the Debtor based his request for conversion to Chapter 11 solely on the assertion that he is "eligible to be a debtor under such chapter", citing Bankruptcy Code §109(d). The Debtor failed to appear at a hearing on the Conversion Motion held April 5, 2012.[1]

---

[1] The Debtor did not appear at the April 5, 2012, hearing having advised the Court by letter dated March 27, 2012, *inter alia*, that "I will be away, out of state . . . and will not be able to attend the [Hearing . . . .]" "I am not aware of any objections . . ." and requesting therein "that the court either

In a *Brief Memorandum and Order on [the Conversion Motion]* (hereinafter, the "Memorandum and Order"), ECF No. 89, the Court, *inter alia*, opined that conversion to Chapter 11 is not automatic upon a mere determination of such eligibility pursuant to §109(d), but rather is at the Court's discretion, and only after notice and a hearing. In the Memorandum and Order the Court also noted that

> Among the considerations relevant to the Conversion Motion in this case are whether the Debtor filed the initial chapter 13 petition in good faith, whether the Debtor seeks to convert the case to chapter 11 in good faith, the Debtor's ability (or inability) to effectuate a chapter 11 plan, the nature and amount of the Debtor's income, and, in the event of conversion, the Debtor's ability to survive a motion to dismiss (or convert to a case under chapter 7) prosecuted pursuant to §1112(b), and

scheduled a further hearing on the Conversion Motion for May 1, 2012 (hereinafter, the "Hearing").

After considering argument at the Hearing, at which the Debtor appeared and prosecuted the Conversion Motion, and counsel for both a creditor and the Chapter 13 Trustee appeared to oppose that Motion, and urge dismissal under the Motion to Dismiss, the Court orally denied the Conversion Motion[2] finding, *inter alia*, that the Debtor had been pursuing, and by the Conversion Motion was seeking to continue to pursue an abusive bankruptcy agenda, that the instant Chapter 13 petition was not filed in good faith, that the Debtor did not seek to convert the present case to Chapter 11 in good faith, that the Debtor lacked the ability to effectuate a Chapter 11 plan, that the nature and amount of the Debtor's income was insufficient to support a confirmable Chapter 11 Plan and, in the

---

continue this matter or rule on it on papers." ECF No. 88.

[2]The Oral Bench Ruling of May 1, 2012, denying the Conversion Motion is incorporated herein by reference.

2

event the Conversion Motion were to be granted, the Debtor would not survive a motion to dismiss (or convert to a case under chapter 7) prosecuted pursuant to §1112(b).[3]

The Court further notes that the Debtor is an attorney, *albeit* presently suspended from the practice of law, who, according to a query of this Court's docket, has appeared in approximately 160 bankruptcy cases. The filing of his own Chapter 13 petition, for which he was clearly ineligible, and upon the Court's formal determination of that ineligibility, his subsequent attempt to convert to Chapter 11, such attempt having now been determined, *inter alia*, not in good faith, are viewed by this Court to be a ruse to delay garnishment orders, and recovery for his own benefit of payments previously made on behalf of a creditor whose debt arose in connection with at least four state court determinations and numerous appeals, in connection with which, the Debtor has been held liable for breach of fiduciary duty, lack of good faith and fair dealing, violation of the Connecticut Unfair Trade Practices Act, and civil conversion, resulting, as well, in his suspension from the practice of law.

Following the Court's oral ruling denying the Conversion Motion, opposing counsel pressed the Motion to Dismiss. The Debtor, however, requested that any dismissal springing from the Motion to Dismiss be stayed until May 4, 2012 at 4:00 PM to provide him an opportunity to seek to convert the instant Chapter 13 case to a case under Chapter 7. The Court took that request, along with a determination as to whether to attach prejudice to a dismissal, under advisement.

---

[3] As a result of these determinations, the Court views that the circumstances attending this case and the Debtor's conduct to be "atypical", "extraordinary", and fully warranting denial of the Conversion Motion. *See, e.g*, *Marrama v. Citizens Bank of Massachusetts,* 549 U.S. 565, 375, fn. 11 (2007).

## II. DISCUSSION

*A. Dismissal With Prejudice*

Section 1307(c) provides for dismissal on eleven enumerated grounds, as well as "for cause", including a lack of good faith. *In Re Fleury*, 294 B.R. 1, 5 (Bankr. D. Mass. 2003) ("[w]hile not specifically enumerated as cause, it is well established that lack of good faith (or bad faith) is cause for dismissal . . . under 11 U. S. C. §1307(c)"). Section 105(a) provides authority for the court to impose conditions upon those who abuse the bankruptcy process. Section 105(a) reads:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

This section provides courts with broad power to make any determination necessary to prevent an abuse of process. *In re Davenport*, 175 B.R. 355, 361 (E.D. Cal. 1994).

This Court finds that a dismissal with a prejudicial bar period is an appropriate sanction in this matter. The imposition of prejudice under the authority of §105(a), as well as §349 and Rule 9011,[4] is necessary to prevent the abuse of a serial Chapter 13 case,

---

[4] While there is clear authority under §105(a), courts have also used §349 and Fed. R. Bankr. P. 9011 (hereinafter, "Rule 9011") to implement sanctions for abusive bankruptcy agendas. *See, e.g., In re Greenberg* 200 B.R. 763, 768 (Bankr. S.D.N.Y. 1996). Although section 349 establishes a presumption of non-prejudicial dismissal except where §109(g) explicitly imposes prejudice, it allows the court to rebut that presumption and attach prejudice to the dismissal order where "cause" exists. *See id.* Rule 9011 permits the Bankruptcy Court to impose sanctions against a party and its attorney for filing papers for improper purposes. *In re Gaudet*, 132 B.R. 670, 674 (D.R.I. 1991). The pertinent part of the statute requires that the attorney or party who signs the document filing the case insure "that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation or administration of the case." Rule 9011. The statute goes on to allow the court to impose appropriate sanctions for a violation of this Rule.

or the filing of a Chapter 11 case, as the Debtor is ineligible for relief in the former and, for the reasons stated on the record of May 1, 2012, summarized and supplemented herein, the Debtor would be pursuing an abusive bankruptcy agenda without a legitimate basis in the latter.

*B. Conversion to Chapter 7*

Section 1307(a) permits a debtor to "to convert a case under [Chapter 13] to a case under chapter 7 at any time." The Debtor appears eligible to be a debtor in Chapter 7. *See* §109(a) & (b) The Debtor's ineligibility for relief under Chapter 13, *see* §109(e), does not disable him from being a Debtor in Chapter 7, nor is he ineligible pursuant to §§ 109(b)(1), or 1307(f).[5]

### III. ORDER

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this Chapter 13 case is **DISMISSED** *with prejudice* – the Debtor may not be a debtor under Chapters 11 or 13 at any time during the 180 days following May 7, 2012, and

**IT IS FURTHER ORDERED** that the dismissal of this case with prejudice as ordered herein shall take effect <u>Monday, May 7, 2012, at 4:01 PM</u>,[6] unless prior to that date and

---

[5] The Court has already entered an Order in this Chapter 13 case modifying the automatic stay of §362(a) to permit certain Connecticut State court appellate cases, and any further appeals and proceedings related thereto involving the Debtor as a defendant, to proceed to conclusion. Margin Order, ECF No. 63. While the Court has the power to reimpose the automatic stay pursuant to §105, a conversion order does not reimpose that stay when, as here, the original stay was modified before conversion. *In re Mazzariello*, 2003 U.S. Dist. Lexis 19411 (D. Conn. 2003), citing and adopting In re State Airlines, Inc., 873 F.2d 264 (11th Cir. 1989).

[6] At the Hearing, the Debtor requested a stay of the dismissal order until Friday, May 4, 2012, to permit him to seek a conversion of this case to Chapter 7. The Court has provided an additional day due to the brief delay in issuing this Memorandum and Order.

time the Debtor seeks to convert this Chapter 13 case to a case under Chapter 7, and

**IT IS FURTHER ORDERED** that in the event the Debtor timely seeks to convert this Chapter 13 case to a case under Chapter 7 pursuant to the immediately preceding paragraph, and thereafter seeks to dismiss the Chapter 7 case, any such dismissal shall be *with prejudice* – the Debtor may not be a debtor under Chapters 11 or 13 at any time during the 180 days following the date of the Chapter 7 case dismissal order, unless otherwise ordered by the Court.

Dated: May 3, 2012                                                                BY THE COURT

*Albert S. Dabrowski*
United States Bankruptcy Judge